FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
AUGUST 5, 2021
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 144

Leanne M. Hoff Bilger,                                    Plaintiff and Appellee

v.

Joshua E. Bilger,                                         Defendant and Appellant

No. 20210072

Appeal from the District Court of Traill County, East Central Judicial District, the Honorable Frank L. Racek, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Lynn Slaathaug Moen, Mayville, ND, for plaintiff and appellee; submitted on brief.

Kristin A. Overboe, Fargo, ND, for defendant and appellant; submitted on brief.

**Crothers, Justice.**

[¶1]   Joshua Bilger appeals from a district court order denying his motion to dismiss and vacate a judgment for legal separation. Bilger argues the court erred in finding the Servicemembers Civil Relief Act did not apply. We conclude the Act applies; however, Bilger failed to invoke the protections of the Act. We affirm.

I

[¶2]   In July 2018, Leanne Hoff Bilger sued Joshua Bilger for legal separation. Bilger executed an admission of service, acknowledging he received the summons and complaint, settlement agreement and an exhibit relating to division of property and debts. The parties executed the settlement agreement which stated Bilger was a member of the armed forces. The district court issued an order for judgment, and the clerk of court entered a judgment granting the parties a legal separation.

[¶3]   In February 2020, Hoff Bilger applied to hold Bilger in contempt, claiming he failed to comply with certain provisions of the judgment. In November 2020, Bilger moved to dismiss the action and vacate the judgment. Bilger argued the district court did not have personal jurisdiction over the parties because neither party resided in North Dakota when the judgment was entered or within six months before commencement of the action or entry of the judgment. At the December 2020 hearing on Bilger's motion, Bilger's attorney also claimed the "[Servicemembers] Civil Relief Act does apply in this case and . . . [Bilger] was not notified of his rights or whether or not that civil act did apply." The court denied Bilger's motion, finding the parties voluntarily submitted to the court's jurisdiction, and the Servicemembers Civil Relief Act did not apply.

II

[¶4]   Bilger argues the district court erred by not receiving evidence at the hearing on his motion to dismiss. He claimed the court relied on the parties'

submissions filed before the hearing and arguments from counsel. Because no evidence was received at the hearing, Bilger asserts the findings in the court's order denying his motion were based on inadmissible hearsay.

[¶5] Bilger did not object to the district court's procedure at the hearing. He did not offer additional evidence, nor did he request that the court hear testimony or receive additional evidence. "It is well established that arguments not raised before the district court cannot be raised for the first time on appeal." *N.B. v. Terwilliger*, 2021 ND 74, ¶ 20, 958 N.W.2d 487. We decline to address Bilger's argument.

## III

[¶6] Bilger claims the district court erred in finding the Servicemembers Civil Relief Act did not apply.

[¶7] At the hearing on Bilger's motion, the district court made findings relating to personal jurisdiction:

> "The defendant admitted service of the summons and complaint on July 18th, 2018. At that time, submitted a stipulation for the entry of judgment, signed by both parties. Judgment by stipulation was entered on July 18th by the Court.
>
> "The evidence shows and there's an affidavit from the plaintiff that she'd been a resident of North Dakota for more than six months, prior to commencement of the action. The evidence on file with the Court in these motions show that the parties filed a joint 2017 North Dakota tax return. Both parties had North Dakota driver's licenses at the time of the entry of judgment herein, that they also filed taxes as North Dakota residents in the year 2018.
>
> "The Court had jurisdiction in this matter over both parties, personal jurisdiction. The defendant submitted to the jurisdiction of the Court [all the] indicia is that the parties were residents of North Dakota. The defendant was in military service and temporarily away from the state, but that there is no showing that he was claiming residency in any other jurisdiction.

"The motion is denied."

In its order denying Bilger's motion, the court made the following findings:

> "The Court has both personal and subject matter jurisdiction over this matter. The parties both voluntarily submitted to the jurisdiction of the Traill County District Court. Both parties were residents of North Dakota and were absent temporarily due to military duty assignments. The Servicemembers and Sailors Civil Relief Act does not apply."

[¶8] On appeal, Bilger does not argue the district court lacked personal jurisdiction over the parties. His arguments only relate to the application of the Servicemembers Civil Relief Act.

[¶9] The Servicemembers Civil Relief Act "applies to each of the States," and "applies to any judicial or administrative proceeding commenced in any court or agency in any jurisdiction subject to this chapter. This chapter does not apply to criminal proceedings." 50 U.S.C. §§ 3912(a) and (b). The purpose of the Act is "to provide for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service." 50 U.S.C. § 3902(2).

[¶10] Bilger asserts Hoff Bilger failed to comply with section 3931 of the Act because she did not submit an affidavit of military service when she filed the action for legal separation. Section 3931(a), U.S.C., states, "This section applies to any civil action or proceeding, including any child custody proceeding, in which the defendant does not make an appearance." 50 U.S.C. § 3931(a). Bilger made an appearance because he admitted service of the documents initiating the action and executed the parties' settlement agreement. Therefore, 50 U.S.C. § 3931 does not apply.

[¶11] Because Bilger was a servicemember and had notice of the action, 50 U.S.C. § 3932, relating to a stay of proceedings when the servicemember has notice, applies:

"This section applies to any civil action or proceeding, including any child custody proceeding, in which the plaintiff or defendant at the time of filing an application under this section–

(1) is in military service or is within 90 days after termination of or release from military service; and

(2) has received notice of the action or proceeding."

U.S.C. § 3932(a).

Under 50 U.S.C. § 3932(b), a servicemember may apply to stay the action if the requirements of military duty affects the servicemember's ability to appear. Bilger did not apply for a stay asserting his military duty affected his ability to appear and defend the action. Therefore, he forfeited the available protections of the Act. *See State v. Watkins*, 2017 ND 165, ¶ 12, 898 N.W.2d 442 ("Forfeiture is the failure to timely assert a right, while waiver is the intentional relinquishment of a right.").

[¶12] Bilger voluntarily submitted to the jurisdiction of the district court. The Servicemembers Civil Relief Act applies in this case; however, Bilger did not invoke the protections of the Act by claiming his military duty affected his ability to defend the action. Therefore, the court did not err in denying Bilger's motion to dismiss the action and vacate the judgment.

IV

[¶13] The order is affirmed.

[¶14] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte